AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

United States of America
v.
DAVID BARRERA

*Defendant(s)*

Case No. 26-17070

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 22, 2026 in the county of Camden in the District of New Jersey, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). | Possession with Intent to Distribute Fentanyl |

This criminal complaint is based on these facts:

See Attachments A and B

❒ Continued on the attached sheet.

/s/ Israel Trejo-Mendiola
*Complainant's signature*

HSI Special Agent Israel Trejo-Mendiola
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/29/26

Sharon A. King
*Judge's signature*

City and state: Camden, NJ

SHARON A. KING
*Printed name and title*

# ATTACHMENT A

## Count One
## (Possession with Intent to Distribute Fentanyl)

On or about September 22, 2026, in Camden County, in the District of New Jersey, and elsewhere, the defendant,

**DAVID BARRERA,**

did knowingly and intentionally distribute and possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

**ATTACHMENT B**

I, Israel Trejo-Mendiola, am a Special Agent with Homeland Security Investigations. The information contained in the complaint is based upon my personal knowledge, as well as information obtained from other sources, including: (a) statements made or reported by various witnesses with knowledge of relevant facts; (b) my review of publicly available information; and (c) my review of evidence, including video recordings and other documents. Because this complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. Prior to September 22, 2026, a Homeland Security Investigation (HSI) Confidential Human Source (CHS) negotiated the purchase of approximately 40,000 fentanyl tablets with Co-Conspirator 1.

2. During the negotiating Co-Conspirator 1 stated that they would send a courier with the tablets. Co-Conspirator 1 provided the courier's phone number to the CHS.

3. On Tuesday, September 22, 2026, at the direction of HSI Agents and members of the Camden Couty Prosecutor's Hi-Intensity Drug Trafficking Area Taskforce (HIDTA), the CHS contacted the courier, later identified as David Barrera, utilizing the phone number provided by Co-Conspirator 1 and arranged to meet at 500 NJ-38, Cherry Hill, New Jersey 08002 that same day.

4. Prior to the meeting David Barrera, the CHS was search for any contraband which yielded no results and the CHS's vehicle (silver Honda Accord provided by HSI) was searched as well which also yielded no results.

5. David Barrera arrived at 500 NJ-38, Cherry Hill, operating a silver Jeep Liberty displaying Arizona temporary registration: P6A1P8, and was observed exiting the silver Jeep Liberty and entered the front passenger seat of the CHS's vehicle. During the entirety of Barrera and the CHS's meeting, the CHS was equipped with both an audio and video recording devices. Furthermore, law enforcement officers were listening and watching the device feed in real time as well as conducting physical surveillance in close proximity. Upon Barrera entering the vehicle, Barrera and the CHS engaged in a drug related conversation. During their conversation,

Barrera advised the CHS that the fentanyl tablets were inside the Jeep Liberty vehicle and were separated into different packages. Barrera then exited the silver Honda Accord, briefly entered Jeep Liberty, and then returned to the Honda Accord to continue their previous conversation. During the conversation , Barrera advised the CHS the fentanyl tablets were inside the engine area of the Jeep Liberty. Immediately thereafter, the CHS and Barrera exited the silver Honda Accord, went to Jeep Liberty and Barrera retrieved a rectangular shaped package that contained numerous small blue rounded tablets that were heavily wrapped in clear plastic from the Jeep's engine cabin air filter. After retrieving the tablets, Barrera returned to the front passenger seat of the Honda Accord with the CHS. Cherry Hill Police Department SWAT approached and arrested Barrera.

6. Following his arrests and after receiving and waiving his *Miranda* rights, DAVID BARRERA made voluntary statement to law enforcement. The following is a summary of the interview with DAVID BARRERA.

   a. DAVID BARRERA was advised that law enforcement found a large quantity of pills in the vehicle. BARRERA stated that there was nothing else in the vehicle. BARRERA stated that he parked the vehicle in a Walmart in Phoenix to be loaded. He stated that he did not see who loaded the vehicle because he went inside the store. BARRERA then drove from Phoenix, Arizona to New Jersey and got a hotel room. BARRERA stated he came to 500 NJ-38, Cherry Hill New Jersey to deliver "that." BARRERA stated that he was supposed to be paid but did not know how much.

7. BARRERA provided his consent for Law enforcement to search the vehicle. He signed a consent to search form. The following items were located inside the silver Jeep Liberty:

   a. A small white package containing numerous blue rounded tablets stamped "M" and "30," suspected to be fentanyl, wrapped in clear plastic inside the engine's air cabin filter.

   b. A Rectangular shaped package containing numerous blue rounded tablets stamped "M" and "30," suspected to be fentanyl, wrapped in clear plastic and a yellow towel found inside the rear passenger side trunk panel.

8. The following items were located inside the CHS's vehicle:

   a. Rectangular shaped package containing numerous blue rounded tablets stamped "M" and "30."

9. Based on my law enforcement training and experience, all the pills recovered from the Barrera's Jeep and the CHS's Accord are consistent with being fentanyl. A sample of the pills from each location were filled tested and tested positive for fentanyl. The gross weight of all the packages combined was approximately 40,530 grams with is consistent with the 40,000 pills agreed in the drug transaction.